IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUZANNE MARGARET BASSO,<br>      Petitioner<br><br>v.<br><br>WILLIAM STEPHENS,<br>   Director, Texas Department of<br>   Criminal Justice, Correctional<br>   Institutions Division,<br>      Respondent | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. _____ |

**PETITION FOR RELIEF UNDER 28 U.S.C. §2254
BY A PERSON IN STATE CUSTODY**

COMES NOW the petitioner, Suzanne Margaret Basso (hereinafter "Basso"), through the undersigned counsel, and respectfully requests that this Court grant relief under 28 U.S.C. §2254 in this cause, for reasons set forth as follows. **This is a death penalty case, with an execution set for February 5, 2014, at 6 p.m.** The petitioner further requests an evidentiary hearing, as the Court deems necessary, and requests leave to file a supplemental memorandum of law. By separate motion, Basso also is requesting an order staying Basso's execution.

**I. Jurisdiction**

This proceeding is brought under 28 U.S.C. §2254 by an inmate presently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, and subject to execution. The judgment and sentence were entered in the

232nd District Court of Harris County, Texas, which is within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. The petitioner alleges that she is facing an illegal execution, in that she is not mentally competent to be executed, and the execution would violate U.S. CONST. Amend. VIII.

## II. Personal Background Information

**Name:**     Suzanne Margaret Basso

   NOTE:   The petitioner is also known as Suzanne Margaret Peek.

**Prisoner Number:**   No. 999329

**Place of Confinement:**   Estelle Unit, Texas Department of Criminal Justice, Correctional Institutions Division, Huntsville, Texas

## III. Procedural Background

**1. (a) Name and location of court which entered the judgment of conviction under attack:**

   232nd District Court of Harris County, Texas, located at the Harris County Criminal Justice Center, 1201 Franklin, Houston, TX 77002.

   **(b) Criminal docket or case number:** 816,855.

**2.   Date of judgment of conviction**: September 1, 1999.

**3.   Length of sentence:**

2

Death penalty, scheduled to be administered on February 5, 2014, at 6 p.m.

**4.   In this case, were you convicted on more than one count or of more than one crime?**

No.

**5.      Identify all crimes of which you were convicted and sentenced in this case:**

Capital Murder.

**6.      (a)   What was your plea?**       Not guilty.

**(b)   If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?**   Not applicable.

**(c)   If you went to trial, what kind of trial did you have?**

Trial by jury on guilt and punishment.

**7.      Did you testify at a pretrial hearing,  trial, or a post-trial hearing?**

No.

**8.      Did you appeal from the judgment of conviction?**       Yes.

**9.      If you did appeal, answer the following:**

**REGARDING FIRST, AUTOMATIC APPEAL:**

**(a)   Name of Court:**

Court of Criminal Appeals of Texas, at Austin, Texas.

**(b) Docket or case number:**  No. AP-73,672.

**(c) Result:**  Affirmed.

**(d) Date of Result:** January 15, 2003.

**(e) Citation to the case:**

*Basso v. State*, 2003 WL 1702283 (Tex. Crim. App. No. 73,672, January 15, 2003).

**(f) Grounds raised:**

Twenty-five different grounds, which did not include the two issues presented in this petition. None of the grounds previously presented relate to the two issues presented.

**(g) Did you seek further review by a higher state court?**

 The Court of Criminal Appeals is the highest state court.

**(h) Did you file a petition for certiorari in the United States Supreme Court**?

Yes.  The writ of certiorari was denied.  *Basso v. Texas*, 540 U.S. 864, 124 S.Ct. 174, 157 L.Ed.2d 116 (2003).

**REGARDING APPEAL UNDER TEX. CODE CRIM. PROC. ART. 46.05(l):**

**(a)  Name of Court:**

Court of Criminal Appeals of Texas, at Austin, Texas.

**(b) Docket or case number:**  No. AP-77,032.

**(c)  Result:**   Pending in the Court of Criminal Appeals.

      **(d) Date of Result:** None yet.

      **(e) Citation to the case:** None yet.

      **(f) Grounds raised:**

          (1) TEX. CODE CRIM. PROC. Art. 46.05 violates the Eighth Amendment requirement of heightened reliability, and Basso should not be executed until a constitutional procedure for determining competency to be executed is in place.

          (2) The district court's conclusion that Basso was competent to be executed was incorrect and unreliable, given the massive evidence of Basso's delusional thinking and other mental health problems.

      **(g) Did you seek further review by a higher state court?**

The Court of Criminal Appeals is the highest state court.

      **(h) Did you file a petition for certiorari in the United States Supreme Court?**

No, there is not yet any state court decision to review.

10. **Other than the direct appeals listed above, have you previously filed any petitions, applications, or motions concerning this judgment in any state court?**

    Yes.

11. **If your answer to Question 10 was "yes," give the following information:**

    (a) (1) **Name of court:** Court of Criminal Appeals of Texas.

**(2) Docket or case number:**

No. 816,855-A in the state district court, and No. WR-63,672-01 in the Court of Criminal Appeals.

**(3) Date of filing:** September 12, 2001.

**(4) Nature of the proceeding:** Application for relief under TEX. CODE CRIM. PROC. art. 11.071.

**(5) Grounds raised:**

Forty-three grounds (including incorporated grounds from direct appeal), which did not include the two issues presented in this petition. None of the grounds previously presented relate to the two issues presented.

**(6) Did you receive a hearing where evidence was given on your petition, application, or motion?**

No.

**(7) Result:** Relief denied on September 20, 2006.

**(b) If you filed any second petition, application, or motion, give the same information:**

**(1) Name of court:** Court of Criminal Appeals of Texas.

**(2) Docket or case number:**

No. 816,855-B in the state district court, and No. WR-63,672-02 in the Court of Criminal Appeals.

**(3) Date of filing:** January 27, 2014.

**(4) Nature of the proceeding:** Second application for relief under TEX. CODE CRIM. PROC. art. 11.071.

**(5) Grounds raised:**

(Ground 1)   The assessment of the death penalty violates the Eighth Amendment because unreliable testimony regarding cause of death was presented.

(Ground 2)   The failure of defense counsel to investigate and present mitigating evidence cannot be justified under a "two-edged evidence" rationale, in light of *Fitzgerald v. Trammell*, 2013 WL 5537387(N.D. Okla., October 7, 2013).

(Ground 3) TEX. CODE CRIM. PROC. Art. 46.05 is unconstitutional.

**(6) Did you receive a hearing where evidence was given on your petition, application, or motion?**

No.  Under TEX. CODE CRIM. PROC. Art. 11.071, the state district court may not   conduct a hearing until the application is approved as a proper second application.  No ruling has been made on that question as of the time of the filing of this petition.

**(7) Result:**  No result as of the time of the filing of this petition.

**(c) If you filed any third petition, application, or motion, give the same information:**

Not applicable.

**(d) Did you appeal to the highest state court having jurisdiction over the result of action taken on any petition, application or motion?**

Yes.

**(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:**

Not applicable.

**12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.**

**GROUND ONE:**

>TEX. CODE CRIM. PROC. Art. 46.05 violates the Eighth Amendment requirement of heightened reliability in death penalty cases.
>
>**(a) Supporting Facts:**
>
>After the state district court set an execution date, Basso filed a motion to have TEX. CODE CRIM. PROC. Art. 46.05 declared unconstitutional, *i.e.* in violation of U.S. CONST. Amend. VIII. Basso filed the motion on October 1, 2013. The motion was denied by the state district court judge on December 13, 2013. That day the state district court conducted a hearing to receive evidence as to whether Basso was competent to be executed. The state district court gave the Harris County District Attorney's Office until January 13, 2014 to file proposed findings of fact and conclusions of law, and they were filed on that date. The next day, January 14, 2014, the state district court adopted those findings of fact and conclusions of law and held that Basso is competent to be executed, making this issue ripe for review.
>
>**(b) If you did not exhaust your state remedies on Ground One, explain why:**
>
>The state appeal is pending in the Court of Criminal Appeals, with an execution date only six days away.
>
>**(c) Direct Appeal of Ground One**
>
>>**(1) If you appealed from the judgment of conviction, did you raise this issue?**
>>
>>Yes, in the second appeal, Number AP-77,032.

**(2) If you did not raise this issue in your direct appeal, explain why:**

Not applicable.

**(d) Post-Conviction Proceedings:**

**(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**

Yes, the constitutionality issue is also raised in the second state application, as a precaution if the Court of Criminal Appeals decides that constitutionality is not within the scope of a direct appeal under Article 46.05.

**(2) If your answer to Question (d)(1) is Yes, state:**

**Type of motion or petition:**

Second application under TEX. CODE CRIM. PROC. Art. 11.071.

**Name and location of the court where the motion or petition was filed:**

232nd District Court, Harris County, Texas.

**Docket or case number:** No. 816,855-B.

**Date of the court's decision:** None. A second application is forwarded to the Court of Criminal Appeals by the district court without any findings, conclusions, or recommendations, pursuant to TEX. CODE CRIM. PROC. Art. 11.071.

**Result:** None yet.

**(3) Did you receive a hearing on your motion or petition?**

Not permitted unless and until the Court of Criminal Appeals approves.

9

**(4) Did you appeal from the denial of your motion or petition?**

Case is automatically forwarded to the Court of Criminal Appeals.

**(5) If your answer to Question (d)(4) is Yes, did you raise this issue in the appeal?**

Yes.

**(6)   If your answer to Question (d)(4) is Yes, state:**

**Name and location of the court where the appeal was filed:**

Court of Criminal Appeals of Texas, at Austin, Texas.

**Docket or case number:**   No. WR-63,672-02.

**Date of the court's decision:**  None yet.

**Result:** None yet.

**(7)   If your answer to Question (d)(4) or Question (d)(5) is No, explain why you did not raise this issue:**

Not applicable.

**(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:**

Basso's mental health status has been pointed out to the Texas Board of Pardons and Paroles for consideration in a commutation request.

**GROUND TWO:**

The state district court's conclusion that Basso was competent to be executed was incorrect and unreliable, violating the Eighth Amendment requirement of heightened reliability in death penalty cases.

**(a)  Supporting Facts:**

The evidence regarding Basso's competency to be executed came from three types of sources: (1) historical evidence, (2) testimony at a hearing on December 13, 2013, and (3) the opinions of experts. Key portions of the evidence included:

> Basso had a long history of telling fantastic, untrue stories, dating back to when she was a child;
>
> Basso made numerous fantastic statements about herself and her life, indicative of delusional thinking, when she was interviewed by psychologist Walter Quijano prior to trial;
>
> In 1999 Quijano diagnosed Basso as suffering from having dissociative disorder, delusional disorder, post-traumatic stress disorder, and conversion disorder;
>
> In 2013 Quijano diagnosed Basso as suffering from dissociative disorder;
>
> A prison psychiatrist diagnosed Basso as suffering from major depressive disorder, recurrent and borderline personality disorder;
>
> Quijano and Stephanie Kosut interviewed Basso in November, 2013, and Kosut tested Basso's I.Q., resulting in a full-scale I.Q. of 55;
>
> Quijano found that Basso did know the fact of pending execution and that it was because of the conviction for the death of Louis "Buddy" Musso, but Quijano believed Basso is mentally ill;
>
> Quijano said Basso's medication might be what was preventing her from being delusional at the time of the interview;

11

Quijano said the cumulative effect of Basso's mental health problems could make her incompetent to rationally understand why she was to be executed;

Psychiatrist Mark Moeller, M.D. interviewed Basso and found that she understood the fact of the looming execution and that it was for the death of Musso, but he said mental illness could affect Basso's rational understanding of her culpability.

Moeller diagnosed Basso as suffering from personality disorder, not otherwise specified;

Moeller said there was historical evidence that Basso suffered from factitious disorder;

Moeller noted that Basso had been diagnosed previously with borderline personality disorder. Quijano had said that delusional thinking was a possible by-product of that disorder;

Moeller said Basso showed signs of dissociative disorder;

Moeller did not think that Basso met the formal criteria for delusional disorder, but he relied in part on a statement by a prison psychiatrist who conducted some of his contact with Basso via "telemedicine;"

Quijano and Moeller agreed that additional time and more opportunities for evaluation would provide a better assessment of Basso's mental health;

A religious advisor to Basso testified that Basso told fantastic stories during a prison visit even though Basso was aware that telling the truth was necessary for the religious dialog;

Basso told more fantastic tales during her testimony on

12

> December 13, 2013, including the repetition of a claim that a prison employee had tried to kill her by smuggling a snake into Basso's hospital room, hidden inside a book about Roy Rogers.

The state district court adopted findings of fact and conclusions of law which were drafted by the prosecutor. A number of important points were completely omitted. The findings say nothing whatsoever about one of the most important sub-issues, *i.e.*, Basso's understanding of how her conduct related to that of her five codefendants, even though that relationship is what really defined Basso's own conduct.

**(b) If you did not exhaust your state remedies on Ground Two, explain why:**

The appeal is pending in the Court of Criminal Appeals.

**(c) Direct Appeal of Ground Two**

**(1) If you appealed from the judgment of conviction, did you raise this issue?**

Yes, in Appeal No. AP-77,032.

**(2) If you did not raise this issue in your direct appeal, explain why:**

Not applicable.

**(d) Post-Conviction Proceedings:**

**(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?**

No.

**(2) If your answer to Question (d)(1) is Yes, state:**

**Type of motion or petition:** Not applicable.

**Name and location of the court where the motion or petition was filed:**

Not applicable.

**Docket or case number:**     Not applicable.

**Date of the court's decision:**     Not applicable.

**Result:**     Not applicable.

**(3) Did you receive a hearing on your motion or petition?**

Not applicable.

**(4) Did you appeal from the denial of your motion or petition?**

Not applicable.

**(5) If your answer to Question (d)(4) is Yes, did you raise this issue in the appeal?**

Not applicable.

**(6)   If your answer to Question (d)(4) is Yes, state:**

**Name and location of the court where the appeal was filed:**

Not applicable.

**Docket or case number:**     Not applicable.

**Date of the court's decision:**     Not applicable.

**Result:**     Not applicable.

**(7)   If your answer to Question (d)(4) or Question (d)(5) is No, explain why you did not raise this issue:**  Not applicable.

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

Basso's mental health status has been pointed out to the Texas Board of Pardons and Paroles for consideration in a commutation request.

**13. Please answer these additional questions about the petition you are filing:**

**(a)** Have all ground for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

Yes.

**(b)** Is there any ground in this petition that has not been presented in some state or federal court?

No.

**14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?**

Yes.

**15. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?**

Yes.

**16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:**

    **(a) At preliminary hearing:**    James Leitner
                                                    1314 Texas Avenue, Ste 1419
                                                    Houston, TX 77002

         John Donahue
         204 N. 6th Street
         Waco, TX 76701

 **(b) At arraignment and plea:**  James Leitner and John Donahue

 **(c) At trial:**  James Leitner and John Donahue

 **(d) At sentencing:**  James Leitner and John Donahue

 **(e) On appeal:**  James Leitner

 **(f) In any post-conviction proceeding:**

    Winston E. Cochran, Jr.
    P.O. Box 2945
    League City, TX 77574

 **(g) On appeal from any adverse ruling in a post-conviction proceeding:**

    Winston E. Cochran, Jr.

**17.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

No.

**18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) does not bar your petition.**

The petition is based on a determination under TEX. CODE CRIM. PROC. Art. 46.05, made on January 14, 2014.

### IV.  Request for Evidentiary Hearing

The issues can be addressed on the present record, but a better basis for

determination would exist with an evidentiary hearing. The state district court did not allow Basso's counsel to conduct redirect testimony of Dr. Moeller, preventing Basso's counsel from asking Moeller about his answers to the prosecutor's questions.

## V. Request for Leave to File Memorandum of Law

The petitioner requests leave to file a memorandum of law in support of this Section 2254 application. Basso proposes to electronically file a lengthy memorandum within two days, but developments in the Court of Criminal Appeals may create a need for a supplemental memorandum.

## VI. Conclusion

Wherefore the petitioner asks that the Court grant the following relief: vacate the order of the 232nd District Court of Harris County, Texas which held that Basso is competent to be executed and order that Basso's execution date be withdrawn.

Respectfully submitted,

/s/ Winston Earle Cochran, Jr.
Winston Earle Cochran, Jr.
Attorney at Law
SD Texas No. 14490
Texas Bar No. 04457300
P.O. Box 2945
League City, TX 77574
Tel. (713) 228-0264
E-mail: winstoncochran@comcast.net
Attorney for Suzanne Margaret Basso

## VERIFICATION

I declare under penalty of perjury that the facts set forth in the foregoing Petition are true and correct and that this Petition was electronically filed in the United States District Court for the Southern District of Texas, Houston Division, on January 30, 2014.

Executed (signed) on January 30, 2014.

/s/ Winston Earle Cochran, Jr.
Winston Earle Cochran, Jr.
Attorney for Petitioner

## CERTIFICATE OF SERVICE

I certify that on this the 30th day of January, 2014 a copy of this Petition is being electronically served via ECF on counsel for the respondent at the following address:

Ellen Stewart-Klein
Office of the Attorney General of Texas
Postconviction Litigation Division
P.O. Box 12548
Austin, TX 78711-2548

/s/ Winston Earle Cochran, Jr.
Winston Earle Cochran, Jr.