# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **SUZANNE MARGARET BASSO,** | § | |
| Petitioner | § | |
| | § | |
| v. | § | NO. 4:14-cv-00213 |
| **WILLIAM STEPHENS,** | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent | § | |

## PETITIONER'S MOTION
## <u>FOR STAY OF EXECUTION</u>

COMES NOW the petitioner, Suzanne Margaret Basso (hereinafter "Basso"), through the undersigned counsel, and respectfully requests that this Court stay the execution of the petitioner. **This is a death penalty case, with an execution set for February 5, 2014, at 6 p.m.**

### I. JURISDICTION AND STATE COURT EXHAUSTION

This Court has jurisdiction over the subject matter under 28 U.S.C. §2254 and jurisdiction over the parties because the state case originated in a court of Harris County, Texas. In the event that the pendency of state proceedings, with state remedies unexhausted, prevents this Court from exercising jurisdiction upon receipt of the motion, Basso requests that this Court exercise its jurisdiction to grant this motion at the earliest possible time after state remedies are exhausted.

## II. STATEMENT OF THE CASE

### A. Procedural History

In 1999 Basso was convicted of Capital Murder in Cause Number 816855 in the 232nd District Court of Harris County, Texas. It was alleged that Basso participated in killing Louis "Buddy" Musso for remuneration or while in the course of committing kidnapping. Pursuant to the jury's answers to special issues, the state district court judge assessed the death penalty. The Court of Criminal Appeals of Texas affirmed the judgment and sentence on January 15, 2003. *Basso v. State*, 2003 WL 1702283 (Tex. Crim. App. No. 73,672, January 15, 2003). The Supreme Court of the United States denied Basso's petition for a writ of certiorari. *Basso v. Texas*, 540 U.S. 864, 124 S.Ct. 174, 157 L.Ed.2d 116 (2003).

Basso sought postconviction relief via TEX. CODE CRIM. PROC. Art. 11.071. The state district court judge recommended that relief be denied. The Court of Criminal Appeals denied relief. *Ex parte Basso*, 2006 WL 2706771 (Tex. Crim. App. No. WR-63672-01, September 20, 2006).

Basso filed a petition for relief under 28 U.S.C. §2254 in this Court. This Court granted summary judgment for the respondent and denied relief. *Basso v. Quarterman*, 2009 WL 9083708 (S.D. Tex. No. H:07-3047, January 26, 2009). The United States Court of Appeals for the Fifth Circuit denied a certificate of appealability. *Basso v.*

2

*Thaler*, 359 Fed.Appx. 504 (5th Cir. 2010). The Supreme Court denied a petition for a writ of certiorari on October 4, 2010. *Basso v. Thaler*, __ U.S. __, 131 S.Ct. 181, 178 L.Ed.2d 108 (2010). A petition for reconsideration was denied on November 29, 2010. *Basso v. Thaler*, __ U.S. __, 131 S.Ct. 692, 178 L.Ed.2d 522 (2010).

The judge of the 232nd District Court set an execution date for February 5, 2014. See Attachment 1.[1] Basso filed pleadings seeking a determination whether Basso was competent to be executed, pursuant to *Ford v. Wainwright*, 477 U.S. 399, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986) and TEX. CODE CRIM. PROC. Art. 46.05. Those included a motion, filed on October 1, 2013, to have Article 46.05 declared unconstitutional (Comp. CR-44).[2] See Attachment 2. On December 13, 2013 the district court denied the constitutionality motion (Comp. CR-54, Comp. RR I-5). A *Ford* hearing was conducted on December 13, 2013, with a brief follow-up on December 17, 2013. On January 13, 2014, the State filed proposed findings of fact and conclusions of law, which were accepted *in toto* as the trial court's findings and conclusions on January 14, 2014. The state district court judge found Basso competent to be executed. See Attachment 3.

---

[1] The certified copy of the death warrant which is attached hereto was obtained from the Harris County District Clerk. It is not signed by the state district court judge. Presumably there is a signed original.

[2] The state appellate record is designated as follows: "Comp. CR" refers to the clerk's record for the state appeal from the *Ford* hearing. "Comp. RR" refers to the court reporter's record from that proceeding, with Roman numerals for volume numbers.

On Sunday, January 26, 2014 Basso electronically filed a lengthy appellate brief on the appeal from the *Ford* hearing, which included a constitutional challenge to Article 46.05. See Attachment 4. That case is pending as *Basso v. State*, No. AP-77,032 in the Court of Criminal Appeals. As of the time of the filing of this motion, the Court of Criminal Appeals has not ruled.[3]

On January 30, 2014 Basso filed a petition in this Court under 28 U.S.C. §2254, presenting two issues:

1. TEX. CODE CRIM. PROC. Art. 46.05 violates the Eighth Amendment requirement of heightened reliability in death penalty cases.

2. The state district court's conclusion that Basso was competent to be executed was incorrect and unreliable, violating the Eighth Amendment requirement of heightened reliability in death penalty cases.

These issues may be presented in a second Section 2254 petition under *Panetti v. Quarterman*, 55 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007).

### B. Factual Background

The facts of the offense are summarized in *Basso v. Thaler, supra,* and will be incorporated by reference here. The facts affecting the competency issues are

---

[3] There also are two other unresolved pleadings pending in the Court of Criminal Appeals as of the date of this motion.

summarized in the second petition, which is incorporated by reference here.

### III. ARGUMENT SUPPORTING STAY

Basso has filed a petition requesting that this Court grant Basso relief under Section 2254 on two grounds. These issues are multi-faceted and call for review of a substantial amount of evidence, which developed over a span of more than fifty years. Basso's brief on these issues in the Court of Criminal Appeals was sixty pages long. A copy of that brief is attached hereto. Neither this Court nor other federal courts could effectively review the issues in the short time remaining. The Court of Criminal Appeals has not yet ruled, and guidance from that court would be helpful to review in the federal courts.

Basso requested a withdrawal of the execution date in the October 1, 2013 motion. That request was denied as part on December 13, 2013. See Attachment 2. Basso has requested a stay from the Court of Criminal Appeals. Basso also has requested that the Texas Board of Pardons and Paroles recommend a ninety-day reprieve. As of the time of the filing of this motion, there has been no stay or reprieve.

This is Basso's first request for a stay of execution from this Court. It is common for executions to be stayed by federal courts whenever bona fide questions of federal constitutional law are presented and need to be addressed. This cause presents important questions under U.S. CONST. Amend. VIII, and with a life at stake, this

Court and other federal courts should be allowed as much time as is necessary to address the issues in an orderly and studious manner.

## PRAYER FOR RELIEF

Wherefore Basso prays that this motion be granted, and that this Court order that Basso's execution be stayed, pending final resolution of the issues presented in the petition filed in this cause.

Respectfully submitted,

/s/ Winston Earle Cochran, Jr.
Winston Earle Cochran, Jr.
Attorney at Law
Texas Bar No. 04457300
P.O. Box 2945
League City, TX 77574
Tel. (713) 228-0264
Counsel for Suzanne Margaret Basso

## CERTIFICATE OF CONFERENCE

I certify that on January 30, 2014 I conferred with assistant attorney general Ellen Stewart-Klein, who is the counsel of record for the respondent. The respondent opposes a stay.

/s/ Winston Earle Cochran, Jr.
Winston Earle Cochran, Jr.

## **CERTIFICATE OF SERVICE**

_____I certify that a copy of this motion is being e-mailed to counsel for the respondent at the following address on January 31, 2014:

    Ellen Stewart-Klein
    Office of the Attorney General of Texas
    Postconviction Litigation Division
    P.O. Box 12548
    Austin, TX 78711-2548

                                            /s/ Winston Earle Cochran, Jr.
                                            Winston Earle Cochran, Jr.