FILED IN
COURT OF CRIMINAL APPEALS

January 22, 2014

ABEL ACOSTA, CLERK

COURT OF CRIMINAL APPEALS

TRIAL COURT NO. 816855

_____

| | | |
|---|---|---|
| SUZANNE BASSO | )( | IN THE DISTRICT COURT OF |
| APPELLANT | | |
| VS. | )( | HARRIS COUNTY, T E X A S |
| THE STATE OF TEXAS | )( | 232ND JUDICIAL DISTRICT |
| APPELLEE. | | |

_____


COMPETENCY HEARING

VOLUME 2 OF 3 VOLUMES


_____


Arlene F. Webb, CSR

1201 Franklin Street

232nd District Court

Houston, Texas 77002




Proceedings reported by Machine Shorthand:

```
 1   A P P E A R A N C E S:
 2   FOR THE STATE:
 3   Ms. Lynn Hardeway
 4   Texas Bar No. 08948520
 5   Ms. Roe Wilson
 6   Texas Bar No. 14500600
 7   Houston, Texas 77002
 8   713-755-5800
 9   FOR THE DEFENDANT:
10   Mr. Winston Cochran
11   Texas Bar No. 04457300
12   P. O. Box 2945
13   League City, Texas 77574
14   713-228-0264
15   _____
16           BE IT REMEMBERED that on the 17th day of
17   December, 2013, in the above-entitled and numbered
18   cause, came on for Hearing, before the Honorable MARY
19   LOU KEEL, Judge Presiding of the 232nd Criminal District
20   Court of Harris County, Texas; and the State appearing
21   by Counsel and the Defendant, appearing in person and/or
22   by Counsel, announced ready; and all preliminary matters
23   having been disposed of, the following proceedings were
24   had, viz:
25
```

```
1                P R O C E E D I N G S
2                 December 17, 2013.
3              THE COURT:  Mr. Cochran.
4              MR. COCHRAN:  Thank you Your Honor.  I would
5    like to go ahead and offer one more Defendant's Exhibit
6    for the record. This was previously Exhibit J in the
7    Habeas Writ.  It's chapter 8 of the book criminalist
8    information.  It goes into Robert Garrow's background
9    and among other things there's something in there that
10   does indicate where the confusion about working for the
11   railroad may have come from. It points out that he had
12   worked for Railway Express Company.  It also goes into
13   some of the family background which we discussed with a
14   Dr. Quijano and Dr. Moeller.  So I think there's kernels
15   of information in here that are relevant and the easiest
16   thing is just to offer the whole chapter in the book.
17             MS. HARDEWAY:  No objections Your Honor.
18             THE COURT:  It's admitted.
19             MR. COCHRAN:  One of the purposes of this,
20   of the hearing this morning was to make proffer and I
21   think the most expeditious way is with regard to the Nun
22   who testified as the first witness.  Talking to her she
23   felt that the most important thing in her mind, and I
24   relied pretty heavily on what the witnesses think in
25   terms of what they felt they really wanted to say was
```

1  the fact that based on her experience that she believed
2  that Suzanne Basso, having been raised in the Catholic
3  church and educated in the Catholic school and living at
4  St. Anne's Institute would have been trained to want to
5  tell the truth in a situation like the interview that
6  she had with the Sister and also with other people who
7  were there to talk to her in the prison.  The relevance
8  of that being that it tends to cut against the idea that
9  the Defendant which is continuing to fake stories or
10 make up things and that the Sister would have testified
11 that based on her experience and dealing with Suzanne
12 that she felt that that would have been conveyed to
13 Suzanne and which why she didn't do it calls into
14 question her understanding.
15          Dr. Quijano indicated to me that he was
16 pretty much satisfied with what he was able to explain
17 and I think it was pretty thorough. I would have liked
18 to possibly to get a little bit more into the matter of
19 the past experiences but I think he probably covered
20 that. The Court I guess heard enough of that and I
21 assume that you took that into account.
22          Dr. Moeller, unfortunately I wasn't allowed
23 to ask a second round of questions because of the timing
24 the need to wrap it up because of the transport of the
25 Defendant. I would have liked to ask some more questions

1   and I object to not being able to.  I understand the
2   reasoning why the Court felt that was necessary.  What I
3   would have liked to have gotten into more would have
4   been the effective past matters on her psychiatric
5   condition. He grudgingly conceded a little of that
6   although you recall he sort of went against the grain in
7   terms of the effects of behavior.
8            I wanted to get more into the effects on her
9   thinking and I believe Dr. Moeller, if we developed it
10  more would have said that yes those things can all be
11  factors. I also would have liked to have been able to
12  get into the topic of the Defendant's understanding of
13  her relationship to the conduct of other parties in the
14  case and I didn't feel like I had a really enough
15  opportunity to get into that. I think the concepts of
16  party culpability are sophisticated enough.
17           I believe that Dr. Moeller and Dr. Quijano
18  would have indicated that she would have had more
19  trouble with that concept than a person might have with
20  being personally guilty, striking the fatal blow
21  yourself or however you want to phrase it and I think
22  that pretty much covers what I wanted to proffer unless
23  the Court had you know any other particular questions in
24  that area.
25           I do want to make one clarification as we're

1  going through and discussing.  A couple of times I
2  referenced 702-B and as I went back looking at the
3  numerous forms of committing the offense, which I think
4  she would have had trouble understanding not only her
5  involvement with each person but with each variety.
6  However this charge actually didn't instruct on 702-B so
7  hopefully the jury didn't confuse those ideas. I think
8  Suzanne Basso absolutely didn't understand that just as
9  I don't think she understood any of how her conduct
10 would relate to the conduct of five different people
11 under 2 different theories and multiple theories of
12 remuneration with those technically 702-A-2.  I think
13 that pretty much covers what I wanted to proffer.
14          MS. HARDEWAY:  Your Honor, I don't have
15 anything else other than in speaking with Ms. Webb the
16 court reporter she believes that she can have the record
17 prepared no later than January 3rd and then I was going
18 to submit my proposed findings on the 13th but I also
19 told Mr. Cochran I'd try to get them in a little earlier
20 than that.
21          THE COURT:  Okay.
22          MR. COCHRAN:  For the record I prefer the
23 Court to just go ahead and dictate findings at this
24 time. I think the testimony is all been laid out. It is
25 what it is and I'm concerned about the effect on

1  subsequent stages of the process if we have to wait for
2  those findings.  In the alternative I would ask the
3  Court to withdraw the execution date so there's plenty
4  of time for the parties to submit findings and the Court
5  to study the findings, do whatever is necessary and then
6  for the other courts to have the benefit of that without
7  being rushed.
8           As you're well aware in the lower federal
9  courts on any kind of 22.54 proceeding those findings
10 are absolutely vital to the decision and I think in
11 fairness not only to Ms. Basso and the Court of Criminal
12 Appeals but also the federal courts it would be
13 appropriate to move the execution date back if we're
14 going to go through a more detailed findings process.
15 So I would ask the Court to do that at this time, if we
16 don't just enter findings now.  In fact I'd ask the
17 Court to do it anyway.
18          THE COURT:  Well, I'm not going to enter
19 findings at this point.  I'll say that I will likely
20 adopt the State's findings, pretty close to it and see
21 what the State proposes and then I'll make a ruling at
22 that time. So I will order the court reporter to have
23 the record ready by January 3rd and if you want the
24 Court to consider proposed findings the Court will do
25 that by January 13th.

1          MR. COCHRAN:  One other matter.  I want to
2   give notice of appeal. I assume that on these
3   proceedings as with the trial notice of appeal has to be
4   in writing. However since it's more than one item I want
5   to appeal I don't know if I should just use the form
6   mark that up or if you would allow me to just bring in
7   my own written of notice of appeal probably tomorrow.
8          THE COURT: I will probably rule for the
9   State.  I want to see the findings first and if you want
10  to submit findings I will look at your proposed findings
11  too but I will make a final ruling after I've seen the
12  proposal.
13         MR. COCHRAN:  What about on the
14  constitutionality motion?
15         THE COURT:  That has been ruled on. I denied
16  it.  I believe I did that on Friday.
17         MR. COCHRAN:  That's all we have this
18  morning Your Honor.
19         THE COURT:  Yes.  So in terms of your notice
20  of appeal you can draft your own or you can mark up the
21  Court's usual.  Probably drafting your own would
22  probably be more efficient but it's up to you. Very good
23  thank you.
24
25

```
 1  THE STATE OF TEXAS   )(.
 2  COUNTY OF HARRIS     )(
 3            I, Arlene F. Webb, Official Court Reporter
 4  in and for the 232nd Criminal District Court of Harris
 5  County, State of Texas, do hereby certify that the above
 6  and foregoing contains a true and correct transcription
 7  of proceedings requested in writing by counsel for the
 8  parties to be included in this volume of the Reporter's
 9  Record, in the above-styled and numbered cause, all of
10  which occurred in open court or in chambers and were
11  reported by me.
12       I further certify that this Reporter's Record of
13  the proceedings truly and correctly reflects the
14  exhibits, if any, offered by the respective parties.
15            I further certify that the total cost for
16  the preparation of this Reporter's Record is $_____
17  and was/will be paid by Defendant.
18            WITNESS MY OFFICIAL HAND this the 19th day
19  of December, 2013.
20
21              /s/ Arlene F. Webb
                Official Court Reporter
22              232nd Criminal District Court
                1201 Franklin, 16th Fl.
23              Houston, Texas 77002
                Expiration Date: 12/31/14
24
25
```