

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-77,032

### SUZANNE MARGARET BASSO, Appellant

### v.

### THE STATE OF TEXAS

### ON DIRECT APPEAL FROM THE TRIAL COURT'S FINDING THAT APPELLANT IS COMPETENT TO BE EXECUTED IN CAUSE NO. 816855 IN THE 232${}^{ND}$ DISTRICT COURT HARRIS COUNTY

*Per Curiam.*

### O P I N I O N

In August 1999, a jury convicted appellant of the offense of capital murder. The jury answered the special issues submitted under Article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed appellant's conviction and sentence on direct appeal. *Basso v. State,* No. AP-73,672 (Tex. Crim. App. Jan. 15, 2003)(not designated for publication).

Appellant filed her initial post-conviction application for writ of habeas corpus in

BASSO – 2

the convicting court on September 12, 2001.  This Court denied relief.  *Ex parte Basso*, No. WR-63,672-01 (Tex. Crim. App. Sept. 20, 2006)(not designated for publication). The trial court set an execution date of February 5, 2014, and appellant filed her first subsequent application for writ of habeas corpus in the trial court on January 27, 2014.

After the trial court set the execution date, appellant filed in the trial court a motion pursuant to Texas Code of Criminal Procedure Article 46.05 challenging her competency to be executed.[1]  Finding that she had made a sufficient showing, the trial court appointed two experts and appellant was evaluated.  Both mental health professionals, Mark Moeller, M.D., and Walter Quijano, Ph.D., concluded that appellant was competent to be executed.  The trial court thereafter conducted a live hearing, and the court concluded that appellant is currently competent to be executed.  The ruling was forwarded to this Court for our review pursuant to Article 46.05(l).

This Court now accelerates this appeal and reviews appellant's claims.  After reviewing the record in the case and appellant's pleadings, we find that the trial court's findings and conclusions are supported by the record.  Those findings and conclusions are adopted and the trial court's ruling that appellant is competent to be executed is affirmed. No motions for rehearing will be entertained in this case, and the Clerk of the Court is ordered to issue mandate immediately.

---

[1] *See Green v. State*, 374 S.W.3d 434, 443 (Tex. Crim. App. 2012)(holding that the Article 46.05 standard for reviewing the competency of inmates to be executed is a codification of *Ford v. Wainwright*, 477 U.S. 399 (1989), and remains constitutionally adequate in the wake of *Panetti v. Quarterman*, 551 U.S. 930 (2007)).

BASSO – 3

Do Not Publish
Delivered:     February 3, 2014